IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SUSAN PLISIK,

    Plaintiff,

  v.

SOUTHERN ASSET RECOVERY INC.,

    Defendant.

No. C-14-1056 MMC

**ORDER GRANTING IN PART PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT; VACATING HEARING**

Before the Court is plaintiff Susan Plisik's Application for Default Judgment, filed June 26, 2014. Defendant Southern Asset Recovery, Inc. has not filed opposition. Having read and considered the application, the Court deems the motion suitable for decision on the papers filed in support thereof, VACATES the hearing scheduled for August 1, 2014, and rules as follows.

The Clerk of Court having entered the default of defendant, the factual allegations in the complaint are assumed true. See Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977) (holding, upon entry of default, allegations in complaint, other than those relating to amount of damages, are "taken as true"). Specifically, the Court assumes true the factual allegations that defendant is a debt collector and that one of defendant's employees left plaintiff a telephonic message in which he did not identify his employer, nor did he advise plaintiff the communication was an attempt to collect a debt or that the

information obtained would be used for purposes of attempting to collect a debt. (See Compl. ¶¶ 11, 22.) Such conduct violated the Fair Debt Collections Practice Act ("FDCPA"), see 15 U.S.C. §§ 1692d(6), 1692e(11), as well as the Rosenthal Fair Debt Collections Practices Act ("RFDCPA"), see Cal. Civ. Code § 1788.17.

By the instant motion, plaintiff seeks as relief an award of statutory damages in the amount of $1000 for the violations of the FDCPA and an additional $1000 for the violations of the RFDCPA, as well as an award of attorney's fees and costs.[1]

A plaintiff who establishes the defendant violated the FDCPA is entitled to statutory damages in an amount "as the court may allow, but not exceeding $1,000." See 15 U.S.C. § 1692k(a)(2)(A); Baker v. G. C. Services Corp., 677 F.2d 775, 780-81 (9th Cir. 1982) (holding, where plaintiff established defendant violated FDCPA, plaintiff entitled to statutory damages irrespective of whether plaintiff can prove actual damages). In determining the amount to be awarded, the district court must consider "the frequency and persistence of non-compliance by the debt collector, the nature of such non-compliance, and the extent to which such non-compliance was intentional." See 15 U.S.C. § 1692k(b)(1). Similarly, under the RFDCPA, a plaintiff is entitled to statutory damages in an amount not less than $100 or greater than $1000; under the RFDCPA, however, the plaintiff must establish the defendant "willfully and knowingly violated" that act. See Cal. Civ. Code § 1788.30(b).

Here, defendant's conduct consists of leaving one voicemail, and nothing in the complaint suggests the statutory violation that occurred in connection therewith, i.e., not identifying the name of the debt collection agency and not specifically stating the caller was attempting to collect a debt, is of a type in which defendant frequently and persistently engages, or that defendant intentionally failed to comply with either the FDCPA or RFDCPA in this instance. Under such circumstances, the Court finds a proper award under the FDCPA is $250. See, e.g., Davis v. Hollins Law, 2014 WL 2619651, at *1-2

---

[1] In her complaint, plaintiff alleges she is entitled to "an award of actual damages" (see Compl. at 12:24, 13:10, 22), as well as "punitive damages" (see Compl. at 14:3). In her application, however, plaintiff does not seek such relief.

2

(E.D. Cal. June 12, 2014) (awarding statutory damages in amount of $250, where plaintiff failed to show FDCPA violations were "anything other than a one-time occurrence" or were cause of "harm to plaintiff"); Forkum v. Co-Operative Adjustment Bureau, Inc., 2014 WL 3101784, at *1 (N.D. Cal. July 3, 2014) (awarding statutory damages in amount of $250, where violation consisted of caller failing to identify himself as debt collector and plaintiff failed to show violation was intentional); Mejia v. Marauder Corp., 2007 WL 806486, at *11 (N.D. Cal. March 15, 2007) (awarding statutory damages in amount of $250, where violation consisted of one letter).  Further, as there are no allegations suggesting defendant willfully and knowingly committed the subject violation, the Court finds plaintiff is not entitled to statutory damages under the RFDCPA.

      Lastly, plaintiff, having prevailed on her claim brought under the FDCPA, is entitled to an award of attorney's fees and costs.  See 15 U.S.C. § 1692k(a)(3).  In that regard, plaintiff seeks an award of $3400 in fees and $525 in costs (see Price Decl. Ex. A), which amounts the Court finds were reasonably incurred.

      Accordingly, the application is hereby GRANTED in part, and plaintiff shall have judgment against defendant in the total amount of $4175, comprising statutory damages in the amount of $250, attorney's fees in the amount of $3400 and costs in the amount of $525.

**IT IS SO ORDERED.**

Dated:  July 18, 2014

MAXINE M. CHESNEY
United States District Judge